NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH TRUGLIA,<br><br>     Plaintiff,<br><br> v.<br><br>TATYANA SANDLER, *et al.*,<br><br>     Defendants. | Civil Action No. 26-1374 (GC) (JBD)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

  **THIS MATTER** comes before the Court upon *pro se* Plaintiff Joseph Truglia's Application to Proceed *In Forma Pauperis* and Motion for a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure (Rule) 65 brought on behalf of R.S.  (ECF No. 1; ECF No. 1-1.)  For the reasons set forth below, and other good cause shown, the Application to Proceed *In Forma Pauperis* is **GRANTED**; however, the Motion for a Temporary Restraining Order is **DENIED**.

## I.  BACKGROUND

  Truglia is the maternal grandfather of three-year-old R.S.  (ECF No. 1 at 3; ECF No. 5-1 at 1.)[1]  Defendants include R.S.'s father (Joshua Sandler) and paternal grandmother (Tatyana Sandler), as well as the New Jersey Division of Child Protection & Permanency.  (ECF No. 1 at 1; ECF No. 5-1 at 1.)  The current custodial status of R.S. is unclear from Truglia's submissions to the Court, but a Memorandum of Understanding from February 2024 entered by the Ocean County Superior Court of New Jersey, Chancery Division, Family Part, and signed by R.S.'s mother

---

[1]  Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

(Cristina Truglia), Joshua and Tatyana indicates that R.S. has lived with Tatyana in New Jersey since birth.  (ECF No. 5-3 at 12.)  Truglia lives in Florida and has never met R.S.  (ECF No. 1 at 1.)

On February 11, 2026, Truglia filed a Motion for a Temporary Restraining Order on behalf of R.S.[2]  (ECF No. 1.)  Truglia alleges that R.S. has not received proper medical attention while in the care of Tatyana and Joshua and expresses concern that Tatyana will take R.S. to Israel.  (*Id.* at 1, 7.)  Truglia seeks various forms of injunctive relief, including that the Court "order completion of all bloodwork," "appoint a federally-supervised neutral third party to oversee [R.S.'s] medical care and evaluate her safety," "place [R.S.] with her mother . . . pending further proceedings," prohibit Defendants from applying for an Israeli passport for R.S. and require surrender of any existing passport for R.S., and "prohibit Defendants from interfering with [R.S.'s] medical care."  (*Id.* at 8.)  Truglia filed an additional Emergency Supplemental Statement of Facts the following day.  (ECF No. 3.)  After reviewing Truglia's Motion and additional filings, the Court issued an Order determining that it did not find good cause to rule on Truglia's Motion on an *ex parte* basis.  (ECF No. 4.)  Truglia subsequently filed an additional statement of facts and a package of over 30 exhibits containing R.S.'s medical records, articles about lead poisoning, and court records of the state custody proceedings involving R.S.  (ECF No. 5-1 to ECF No. 5-7.)

---

[2]     Truglia requests a temporary restraining order (TRO), which is "an extraordinary and drastic remedy" that should not be granted "unless the movant, by a clear showing, carries the burden of persuasion."  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotations omitted).  A movant seeking a TRO must establish that (1) he is reasonably likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest.  *See Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3rd Cir. 2017); *see also HR Staffing Consultants, LLC v. Butts*, Civ. No. 15-3155, 2015 WL 3492609, *7 (D.N.J. June 2, 2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).  If the first two factors are met, the court "then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief."  *Reilly*, 858 F.3d at 179.

## II.    **DISCUSSION**

The Court first considers Truglia's pending IFP application.  Truglia's completed long-form application shows a monthly income of $2,350.  (ECF No. 6 at 1.)  Truglia attests to having no money on hand or in a bank account.  (*Id.* at 2.)  Truglia does not own his home, and his car is worth an estimated $500.  (*Id.*)  His average monthly expenses total $955.  (*Id.* at 3.)  And Truglia attests to self-paying for medical care and to having $35,000 in back-owed taxes.   (*Id.*) Accordingly, Truglia's IFP application is granted.

The Court will next review Truglia's claims pursuant to 28 U.S.C. § 1915(e)(2)(b).  *See Hoffman v. J.P. Morgan Chase*, Civ. No. 19-11726, 2019 WL 1961451, at *1 (D.N.J. May 2, 2019) (screening motion for a temporary restraining order after granting IFP application).  Because Truglia proceeds *pro se*, the Court has the "[t]he obligation to liberally construe" his pleadings. *Higgs v. Att'y Gen. of the United States*, 655 F.3d 333, 339 (3d Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  "Liberal construction does not, however, require the Court to credit . . . 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).  Although Truglia has not filed a Complaint, the Court will consider Truglia's Motion and subsequent filings to evaluate the basis of his action.

Truglia cites various federal statutory and constitutional provisions to support his claim for relief.  (ECF No. 1 at 2.)  He asserts these claims on behalf of R.S. based on "next friend" standing. (*Id.* at 3.)  The problem, however, is that Truglia, as a non-lawyer, is not permitted to assert these claims on behalf of R.S.  The Third Circuit has made clear that when asserting claims on behalf of a minor, a party "must be represented by legal counsel in bringing [the] action." *Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.3d 876 (3d Cir. 1991).  Requiring counsel ensures that the

represented party's interests are protected, as "a party may be bound, or [her] rights waived, by [her] legal representative." *Bush v. Goodall*, 732 F. App'x 135, 137 (3d Cir. 2018) (quoting *Elustra v. Mineo*, 595 F.3d 699, 706 (7th Cir. 2010)).   Therefore, the Court cannot grant the relief sought by Truglia.   *See Watson v. Washington Twp. of Gloucester Cnty. Pub. Sch. Dist.*, 413 F. App'x 466, 467-68 (3d Cir. 2011) (affirming district court's dismissal of statutory and constitutional claims asserted on behalf of child by non-attorney mother because "she cannot act as 'pro se counsel' for her child, which she sought to do here" (quoting 28 U.S.C. § 1654)); *Cole v. Montague Bd. of Educ.*, 145 F. App'x 760, 762 n.1 (3d Cir. 2005) ("Because [mother and grandfather] are not attorneys, they may not represent [their granddaughter] in federal court."); *see also Harris-Thomas v. Christiana Sch. Dist.*, 145 F. App'x 714, 715 (3d Cir. 2005) (vacating district court's order entering judgment against son because mother represented him as a *pro se* litigant and she "was not entitled to represent her son in place of an attorney in federal litigation").   Accordingly, Truglia's emergency application is denied.

## III.     ORDER

For the reasons set forth above, and other good cause shown,

**IT IS** on this 31st day of March, 2026 **ORDERED** as follows:

1. Truglia's Application to Proceed *In Forma Pauperis* (ECF No. 1-1) is **GRANTED**.

2. Truglia's Motion for a Temporary Restraining Order (ECF No. 1) is **DENIED**.

3. With no operative Complaint remaining, the Clerk's Office is directed to mail Truglia a copy of this Memorandum Order via regular mail and **CLOSE** this case.

4.  Within 30 days of this Order, Truglia may reopen this matter on behalf of R.S. by filing the appropriate pleading through counsel.

_____

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**